IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RALPH FRANKLIN & SON LOGGING, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1679C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

3. Denies the allegations contained in paragraph 3 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the denial of the certified claim and sale contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 5. Avers that the proper title of the contract identified in the complaint as "Signal Thin DFPZ Small Log Biomass Sale" is the Signal Thin DFPZ, Contract No. 060169.

6. Admits. Avers that the Franklin contracts were not exclusively for the sale and harvest of small log biomass. Each contract included a quantity of sawtimber and non-sawtimber

(biomass).

7. Admits the allegations contained in paragraph 7 to the extent supported by the dictionary cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7. Avers that "biomass" is referred to as “non-sawtimber” under the four contracts at issue.

8. Denies the allegations contained in paragraph 8 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

9. Admits the allegations contained in paragraph 9 to the extent supported by the sales contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 9. Defendant lacks information or knowledge sufficient to form a belief as to whether plaintiff’s entry into contracts with the Forest Service is routine for plaintiff.

10. Denies the allegations contained in paragraph 10 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

11. Admits the allegations contained in paragraph 11 to the extent supported by the sales contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 11.

12. Denies the allegations contained in the first sentence of paragraph 12 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the second sentence of paragraph 12.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the sales contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 13. Defendant denies the

allegations contained in the second sentence of paragraph 13. Defendant avers that harvest operations outside of the normal operating season are evaluated on a case-by-case basis to determine whether ground conditions will permit operations.

14. Admits.

15. Admits.

16. Denies the allegations contained in paragraph 16 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. Defendant avers that Franklin never requested that the Forest Service evaluate ground conditions for the Little Ant Timber Sale prior to, during, or immediately after the suspension period (December 11, 2000 to January 6, 2001). The Sale Administrator or other Forest Service personnel is required to evaluate ground conditions prior to the start of operations. Franklin did not request this evaluation, and it cannot be assumed that because conditions were appropriate for operations on the Dow Butte and Signal Thin Timber Sales, they were also appropriate for operations on the Little Ant Timber Sale.

17. Denies the allegations contained in paragraph 17 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. Defendant avers that Franklin never requested that the Forest Service evaluate ground conditions for the Summit Timber Sale prior to, during, or immediately after the suspension period (December 11, 2000 to January 6, 2001). The Sale Administrator or other Forest Service personnel is required to evaluate ground conditions prior to the start of operations. Franklin did not request this evaluation, and it cannot be assumed that because conditions were appropriate for operations on the Dow Butte and Signal Thin Timber Sales during the suspension period, they were also

appropriate for operations on the Summit Timber Sale.

18. Denies. Defendant avers that in the December 5, 2000 pre-operations meeting, plaintiff stated it intended to start operations in the following order: December 5, 2000 for the Dow Butte and Signal Thin Timber Sales; January 2, 2001 for the Little Ant Timber Sale; February 5, 2001 for the Summit DFPZ Timber Sale.

19. Denies. Avers that the Forest Service does not "grant" requests to operate timber sales. Instead, the purchaser informs the Forest Service of the date it intends to begin operations, typically at a pre-operations meeting. Plaintiff elected the dates listed above in paragraph 18 at the December 5, 2000 pre-operations meeting for the Franklin contracts.

20. Admits. Defendant avers that plaintiff never requested that the Forest Service evaluate ground conditions so that it could conduct operations during the winter of 2000-2001 for the Little Ant or Summit Timber Sales.

21. Defendant admits that plaintiff requested that the Forest Service evaluate ground conditions for the Dow Butte and Signal Timber Sales and that weather and ground conditions were adequate for operations to begin on those sales. Defendant denies the remaining allegations contained in paragraph 21. Defendant avers that plaintiff never requested an evaluation of ground conditions for the Little Ant and Summit Timber Sales prior to or during the suspension period (December 11, 2000 through January 6, 2001).

22. Denies the allegations contained in paragraph 22 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

23. Defendant admits that felling operations were suspended on the Dow Butte and Signal Thin contracts, effective December 11, 2000. Avers that only the felling of trees was

suspended; all other operations were allowed to continue.

24. Denies.

25. Denies.

26. Denies the allegations contained in paragraph 26 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

27. Denies the allegations contained in paragraph 27 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

28. Denies the allegations contained in paragraph 28 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

29. Denies.

30. Admits.

31. Admits the allegations contained in paragraph 31 to the extent supported by the litigation documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the litigation documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the litigation documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegation that the Sacramento Bee reported that Mr. Brennan commented upon the environmental lawsuit to the extent supported by the newspaper article cited, which is

the best evidence of its contents, otherwise denies the allegations contained in paragraph 34. Avers that the United States filed a letter with United States District Court for the Eastern District of California that stated that ground disturbing activities upon timber contracts in Sierra Nevada National Forests would be halted.

35. Admits the allegations contained in paragraph 35 to the extent supported by the documents cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the documents cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 37. Avers that the Dow Butte and Signal Thin contracts were suspended for less than 30 days.

38. Admits the allegations contained in paragraph 38 to the extent supported by the litigation documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 38.

39. Defendant admits that after reviewing GIS data, field notes, and survey data for the Dow Butte, Signal Thin, Little Ant, and Summit Timber Sales, it determined that the sale areas did not include Pacific fisher or California spotted owl habitat.

40. Admits the allegations contained in paragraph 40 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in

paragraph 40. Avers that Christopher Click was the contracting officer for the Little Ant, Signal Thin, and Summit Timber Sales, and Robert Andrews was the contracting officer for the Dow Butte Timber Sale.

41. Admits the allegations contained in paragraph 41 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Admits the allegations contained in paragraph 43 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 45. Avers that the letter also stated that "[a]fter December 10, 2000, you may continue to remove timber felled prior to December 11, 2000, as well as winterization activities."

46. Defendant admits that it suspended Franklin's felling operations from December 11, 2000 until January 6, 2001. Defendant denies the remaining allegations contained in paragraph 46.

47. Denies. Avers that defendant informed plaintiff that provision C6.01 “Interruption or Delay of Operations” provides a basis to suspend plaintiff’s operations.

48. The allegations contained in paragraph 48 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. Admits the allegations contained in paragraph 49 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50 to the extent supported by the appellate court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by the litigation documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 51.

52. Denies. Avers that the Forest Service suspended felling operations in order to determine whether unacceptable environmental impacts would occur, including unacceptable degradation of habitat for the California spotted owl and the Pacific fisher.

53. Admits the allegations contained in paragraph 53 to the extent supported by the litigation documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 53.

54. Admits the allegations contained in paragraph 54 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 54.

55. Admits the allegations contained in paragraph 55 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 55.

56. Admits the allegations contained in paragraph 56 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 56.

57. Admits the allegations contained in paragraph 57 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58. Admits.

59. The allegations contained in paragraph 59 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT I

Breach of Timber Sale Contract No. 059955, The Dow Butte Contract

62. Defendant’s responses to paragraphs 1 through 61 of the complaint are incorporated by reference.

63. Admits.

64. Denies the allegations contained in paragraph 64 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

65. Denies the allegations contained in paragraph 65 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

66. Denies. Avers that the Forest Service suspended harvesting operations from December 11, 2000, through January 6, 2001.

67. Denies.

68. The allegations contained in paragraph 68 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

69. Denies.

COUNT 2

Breach of Timber Sale Contract No. 060169, The Signal Thin Contract

70. Defendant's responses to paragraphs 1 through 61 of the complaint are incorporated by reference.

71. Admits.

72. Denies the allegations contained in paragraph 72 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

73. Denies. Avers that the Forest Service suspended harvesting operations from December 11, 2000, through January 6, 2001.

74. Denies.

75. The allegations contained in paragraph 75 constitute conclusions of law and

plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76. Denies.

COUNT 3

Breach of Timber Sale Contract No. 059930, The Little Ant Contract

77. Defendant’s responses to paragraphs 1 through 61 of the complaint are incorporated by reference.

78. Admits.

79. Denies.

80. Denies.

81. The allegations contained in paragraph 81 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83. Denies.

COUNT 4

Breach of Timber Sale Contract No. 58060110, The Summit Contract

84. Defendant’s responses to paragraphs 1 through 61 of the complaint are incorporated by reference.

85. Admits.

86. Denies.

87. Denies the allegations contained in paragraph 87 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

88. Denies.

89. Denies.

90. The allegations contained in paragraph 90 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

91. Denies.

92. Denies that plaintiff is entitled to the relief requested in the sections following the "Wherefore" clause of its complaint or to any additional relief whatsoever.

93. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, the Government requests that the complaint be dismissed with prejudice and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker by Robert E. Kirschman
KATHRYN A. BLEECKER
Assistant Director

s/Thomas B. Fatouros
THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 307-5958
Fax: (202) 305-2118
Attorneys for Defendant

OF COUNSEL:
SARAH.BIRKELAND
Attorney
U.S. Dept. of Agriculture
33 New Montgomery, 17th Floor
San Francisco, CA 94105-4511
Tel: (415) 744-3011

February 17, 2005