**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RALPH FRANKLIN & SON LOGGING,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-1679C<br>(Judge Braden) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report:

**a. Does the Court have jurisdiction over this action?**

Plaintiff Ralph Franklin & Son Logging ("Franklin") asserts jurisdiction pursuant to 28 U.S.C. § 1491. At this time, the United States is not aware of any reason why the Court would not possess jurisdiction.

**b. Should this case be consolidated with any other case?**

No.

**c. Should the trial of liability and damages be bifurcated?**

No.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

No.

**e. Will a remand or a suspension be sought?**

No.

**f. Will additional parties be joined?**

No.

**g. Does either party intend to file a motion pursuant to RCFC 12(b) or 56 and, if so, what is the proposed schedule for the intended filing?**

Both parties may file motions dispositive of all or some of the issues in this case after the completion of discovery.

**h. What are the relevant issues?**

Plaintiff currently frames the issues as follows:

1. Whether the United States Forest Service breached plaintiff's Dow Butte, Signal Thin, Little Ant and Summit timber sale contracts by suspending these sales and denying plaintiff permission to harvest under these contracts in December 2000 and January 2001?

2. Assuming that the Forest Service suspended plaintiff's contracts and denied plaintiff permission to operate those contracts based on contract clause C6.01, did the Forest Service nevertheless breach its implied duties to cooperate and not to hinder plaintiff's performance and/or breach a warranty under contract clause C6.25?

3. What damages, if any, is plaintiff entitled to as a result of the Forest Service's suspension of plaintiff's contracts and denial of permission to plaintiff to harvest under those contracts in December 2000 and January 2001?

Defendant currently frames the issues as follows:

1. Whether the United States Forest Service breached plaintiff's Dow Butte, Signal Thin, Little Ant and Summit timber sale contracts by temporarily suspending felling operations under these contracts from December 11, 2000 to January 6, 2001, pursuant to clause C6.01 of the contract.

2. Even though the Forest Service's temporary suspension was based upon contract clause C6.01, did the Forest Service nonetheless breach its implied duties to cooperate and not to hinder plaintiffs' performance and/or breach an implied warranty under C6.25, to the extent that such a warranty exists.

3. What damages, if any, is plaintiff entitled to as a result of the Forest Service's temporary suspension of felling operations from December 11, 2000, to January 6, 2001.

**i. What is the likelihood of settlement?**

Counsel of record for the parties have briefly discussed the possibility of settlement. However, at this time, the parties cannot state whether this case can be settled. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

If these cases cannot be resolved through settlement or dispositive motions, the parties anticipate that they will proceed to trial. Neither party requests an expedited trial schedule. If a trial is required, the parties currently believe that it should be held in Sacramento, California, the location believed to be most convenient to the potential witnesses.

**k. Are there special issues regarding electronic case management needs?**

No.

**l. Is there any other information of which the Court should be aware at this time?**

No.

**m. What is the proposed discovery plan?**

The parties propose that initial voluntary disclosures take place on June 6, 2005, and that discovery commence on June 6, 2005, and conclude on January 27, 2006. The parties propose that the initial disclosures of any expert reports and expert testimony under RCFC 26(a)(2) be made on or before November 18, 2005.

Respectfully submitted,

For Plaintiff:

s/Gary G. Stevens
GARY G. STEVENS
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
Tel: (202) 452-2140
Fax: (202) 775-8217
Attorney for Plaintiff

For Defendant:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:
SARAH BIRKELAND
Attorney
U.S. Dept. of Agriculture
33 New Montgomery, 17th Floor
San Francisco, CA 94105-4511

s/Thomas B. Fatouros
THOMAS B. FATOUROS
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20520
Tel: (202) 307-5958
Fax: (202) 305-2118
Attorneys for Defendant

Dated: April 22, 2005