**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| RALPH FRANKLIN & SON LOGGING,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-1679C<br>(Judge Braden) |

**PLAINTIFF'S MOTION TO MODIFY THE COURT'S**
**OCTOBER 4, 2005 AMENDED SCHEDULING ORDER**

For the reasons stated below, plaintiff respectfully requests that the Court modify the October 4, 2005 Amended Scheduling Order ("Amended Scheduling Order") in this case. Plaintiff's counsel understands that defendant also desires an enlargement of the pretrial and trial dates, but will file a separate motion for this purpose, and defendant states that it opposes plaintiff's motion.

Since the Court issued its Amended Scheduling Order, plaintiff has been diligently pursuing discovery in this matter including serving interrogatories, document requests and requests for admissions, providing information and documents to defendant, and taking depositions. However, in the first week of February 2006 plaintiff's counsel became ill and required emergency hospitalization involving three major operations within the space of 10 days. As a result, plaintiff's counsel was in the hospital from the first week of February through the first week of March 2006 and thereafter in convalescence at home through the end of March

2006. Plaintiff's counsel's office promptly informed government counsel and the chambers of the Court of plaintiff's counsel's circumstances.

On April 3, 2006, plaintiff's counsel was able to return to his office and began to address this action and other matters, including conducting discovery and rescheduling pretrial activities in the following cases in which plaintiff's counsel of record in the instant action is also counsel of record: Blue Lake Forest Products, Inc. et al. v. United States, CoFC No.01-570C (Judge Williams); Scott Timber Co. v. United States, CoFC No. 05-604C (Judge Horn); Scott Timber Co. v. United States, CoFC No. 05-708C (Judge Lettow); Swanson Group, Inc. v. United States, CoFC No. 05-170C (Judge Smith); Swanson Group, Inc. v. United States, CoFC No. 05-179C (Judge Wheeler); Trinity River Lumber Co. v. United States, CoFC No. 02-943C (Judge Wheeler); and Zip-O Log Mills, Inc. v. United States, CoFC No. 04-1123C (Judge Williams).

During the time when plaintiff's counsel of record was hospitalized, the deadlines under the current schedule in this action for disclosure of expert reports and related materials pursuant to RCFC 26(a)(2) (February 18, 2006) and for disclosure of any evidence or supplements to expert reports intended only to contradict or rebut evidence in the initial reports (March 13, 2006) expired. The cutoff date for fact discovery in this case under the current schedule was April 10, 2006.

As a result of the foregoing, plaintiff requests an extension of approximately 60 days for each of the due dates set forth in the Amended Scheduling Order. This will permit the parties sufficient time to complete discovery, then exchange and file the required pretrial materials.

Defendant's counsel has represented to plaintiff's counsel that defendant intends to postpone all of its deposition discovery until after plaintiff's damages expert has submitted his report. Although it is certainly defendant's prerogative to proceed in this manner, plaintiff does not believe that the Court's discovery schedule should be significantly enlarged for this purpose. Plaintiff has already provided defendant with detailed spreadsheets and documentation describing how plaintiff's damages have been calculated, and plaintiff has identified or produced all of the documentation which backs-up its projection of damages. See Attachment A. Accordingly, both the theory and the specifics of plaintiff's damages have been disclosed to defendant. Plaintiff believes that defendant does not need to wait until plaintiff's expert report on damages has been served in order to take depositions of plaintiff's personnel (other than plaintiff's expert) on the subjects of liability and damages. Plaintiff further submits that while an enlargement of the discovery deadlines and a postponement of the trial for approximately 60 days are necessary, delaying the trial in this case until sometime after February 14, 2007 (a nearly six-month delay) as defendant has recently proposed to plaintiff would not be appropriate or serve the ends of justice.

Accordingly, plaintiff requests that the Court's Amended Scheduling Order be modified as follows:

1. Fact Discovery: Initial voluntary disclosures pursuant to RCFC 26(a)(1) were due on or before **June 6, 2005**. All fact discovery, including all depositions, shall conclude on or before **June 29, 2006**. In order to achieve this deadline, the parties will make witnesses available at reasonably convenient locations and times. The parties are reminded that the rules of the court contemplate the use of depositions at trial for testimonial purposes in certain circumstances "as though the witnesses were then present and testifying[.]" See RCFC 32(a).

2. Expert Discovery: Disclosure of any expert reports and related material pursuant to RCFC 26(a)(2) will take place on or before **May 3, 2006**. Disclosure of any evidence or supplements to expert reports intended solely to contradict or rebut evidence on the same subject matter as identified by the opposing party under RCFC 26(a)(2)(B) will take place on or before **June 1, 2006**.

3. Preliminary Exhibit and Witness Lists, Meeting of Counsel: The parties shall exchange preliminary exhibit lists and witness lists as described in Appendix A ¶ 13(a) and ¶ 13(b) on or before **July 25, 2006**. Each exhibit shall be separately numbered and adequately described on the party's list so that the opposing party can identify the documents in question. Any proposed exhibits which have not been provided to the opposing party or are not already in the opposing party's possession shall be provided to the opposing party at this time. Although these preliminary lists are not final (see ¶ 4 below), the court expects the parties to make good faith efforts to list all of the exhibits and witnesses they intend to use at trial, other than for impeachment purposes only. In addition, on this date the meeting of counsel referenced in ¶ 13 of Appendix A will take place, and any party intending to file a motion for leave to file excerpts from deposition transcripts for introduction as exhibits at trial whether under FRE 801 or pursuant to RCFC 32(a)(2) and (3) will identify the excerpts in question to the opposing party. The parties shall also address at this meeting of counsel each of the other items set forth under ¶ 13(c) of Appendix A.

4. Final Exhibit and Witness Lists: The parties will exchange final exhibit and witness lists and pre-marked copies of the exhibits they intend to introduce at trial on or before **August 8, 2006**. The parties will file these final lists with the Court. Exhibits and witnesses not listed and exhibits not provided to the opposing party at this time shall not be admissible at trial without a showing of compelling reasons for the party's failure to comply with this order.

5. Memorandum of Contentions of Fact and Law: Plaintiff will file a memorandum of contentions of fact and law in accordance with ¶ 14(a) of Appendix A on or before **September 6, 2006**. Defendant will file a responsive memorandum of contentions of fact and law in accordance with ¶ 14(b) of Appendix A on or before **October 5, 2006**. The parties should make every effort in their memoranda of fact and law to address any matters expected to be raised by the opposing party. If anything new or unexpected is discovered, however, it may be addressed in a brief response which must be filed under cover of motion for leave immediately upon learning of it as provided in ¶ 14(c) of Appendix A.

6. Motions *In Limine* and Stipulation of Facts: The parties will file joint stipulation of facts and any motions *in limine* on or before **October 19, 2006**. The opposing party shall reply to any motions *in limine* and the parties shall provide bench copies to the Court of all pre-marked exhibits which they intend to introduce at trial on or before **October 31, 2006**.

7. Pretrial Conference: The pretrial conference will be held on a date reasonably convenient to the Court and the parties at the National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005. The Court will address any outstanding matters regarding the conduct of the trial, motions *in limine* not previously addressed by the Court, and will rule insofar as possible on the admissibility of the exhibits to be offered by the parties. The parties are strongly encouraged to stipulate to the authenticity and admissibility of as many exhibits as possible.

8. Trial: Trial will commence on a date reasonably convenient to the Court and the parties. Trial will begin at 10:00 a.m. on each day. Trial will be held at the National Courts Building, 717 Madison Place, N.W, Washington, D.C. 20005.

Plaintiff respectfully requests a status conference at the Court's and opposing counsel's earliest convenience to discuss the pretrial and trial schedule in this action.

Respectfully submitted,

s/Gary G. Stevens
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

Dated: April 11, 2006