UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RALPH FRANKLIN & SON LOGGING<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 04-1679<br>(Judge Braden) |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE COURT'S OCTOBER 4, 2005 AMENDED SCHEDULING ORDER AND CROSS-MOTION TO MODIFY THE COURT'S OCTOBER 4, 2005 AMENDED SCHEDULING ORDER

Pursuant to Rule 7.2(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this opposition to plaintiff's motion to modify the Court's October 4, 2005 amended scheduling order. The Government further respectfully requests that the Court modify its October 4, 2005 amended scheduling order as set forth in this motion. For the reasons stated below, plaintiff's motion should be denied and the Government's motion should be granted.

As early as last year, Government counsel has repeatedly represented to plaintiff's counsel that it would be in the interests of the parties to conduct the depositions of plaintiff's witnesses only after plaintiff has submitted its expert report on damages. Plaintiff's counsel never objected to the Government's request, but, rather, seemed agreeable to the suggestion until now, many months later.

The reason for the Government's position is that the Government anticipates questioning each of plaintiff's witnesses regarding the damages claimed in this case. If the Government were to depose plaintiff's witnesses prior to receiving plaintiff's expert report on damages, the

Government incurs the risk of having to depose plaintiff's witnesses again regarding the information represented in plaintiff's expert report. This would especially be the case if plaintiff were to change the damages amounts and theories represented in its claims to the contracting officer, as plaintiff's counsel has been known to do for other clients they have represented before this Court.[1]

A few days prior to plaintiff's counsel's hospitalization during the first week of February 2006, Government counsel spoke with plaintiff's counsel about seeking an enlargement of the deadlines for fact discovery and disclosure of expert reports in this case. Plaintiff's counsel seemed agreeable to jointly seeking an extension and represented that plaintiff wanted to take a few more depositions to determine whether to retain an expert on a certain issue in the case. A few days after this discussion, Government counsel was informed that plaintiff's counsel had fallen ill and would be out of the office until at least late March.

The Government was sympathetic to plaintiff's counsel's illness and, without hesitation, agreed to discuss jointly amending the scheduling order in this case upon plaintiff's counsel's return to the office. The parties engaged in several discussions in an effort to jointly present an amended schedule to the Court, but, ultimately, were unable to reach an agreement. As a result of the personal and professional commitments of Government counsel, some of which were scheduled prior to plaintiff's counsel's illness, the Government simply cannot adequately and properly complete its fact discovery prior to June 29, 2006, the date proposed by plaintiff, or conduct depositions of plaintiff's witnesses between May 3, 2006 and June 1, 2006, also as

[1] For example, in Precision Pine & Timber v. United States, No. 98-720 (Fed. Cl.), plaintiff's expert, in his report, significantly changed plaintiff's damages theories and reduced the amount of damages originally claimed by plaintiff in their claims to the contracting officers.

proposed by plaintiff.[2]

Specifically, since plaintiff's counsel's return to the office, Government counsel has been or will be engaged in the following matters pending before this Court: preparation for and participation in a status conference regarding plaintiff's motion for temporary restraining order and preliminary injunction in Chant Engineering v. United States, No. 06-282 (bid protest), on April 10, 2006; preparation of initial disclosures in Caddell Constr. v. United States, No. 05-915, produced on April 13, 2006; preparation of defendant's opposition to plaintiff's motion to re-file its application for fees and other expenses in Impresa Construzioni Geom. Domenico Garufi v. United States, filed on April 14, 2006; preparation of the administrative record in Chant Engineering v. United States, No. 06-282 (bid protest), filed on April 14, 2006; travel to Savannah, Georgia to review documents to be produced to opposing counsel in Caddell Constr. v. United States, No. 05-915, from April 16, 2006 through April 19, 2006; travel to Chicago, Illinois for trial preparation meeting with agency counsel in Alli v. United States, 01-669, from April 20, 2006 through April 21, 2006; preparation of defendant's reply in support of its cross- motion for summary judgment in Information Int'l Associates, Inc. v. United States, No. 04-1489, filed on April 21, 2006; preparation of the Government's response to requests for admissions in this case, due May 6, 2006; preparation of the Government's response to the complaint in Paollela v. United States, No. 06-41, due May 19, 2006; preparation of Government's response to the complaint in California Oregon Broadcasting v. United States, No. 06-116, due May 23, 2006; preparation of

[2] The Government anticipates deposing at least five of plaintiff's witnesses and at least two third party witnesses. Most of these depositions would take place in or around Redding, California and one of the depositions may take place in New Hampshire. These depositions would be in addition to any depositions plaintiff's counsel may seek to conduct.

Government's response to plaintiff's motion for judgment on the administrative record and cross-motion for judgment on the administrative record in Chant Engineering v. United States, No. 06-282 (bid protest), due May 26, 2006; travel to Savannah, Georgia to review privileged documents and meet with agency counsel in Caddell Constr. v. United States, from June 1, 2006 through June 2, 2006; preparation of the Government's reply brief in Chant Engineering v. United States, No. 06-282 (bid protest), due June 7, 2006; and preparation for hearing on cross-motions for judgment on the administrative record in Chant Engineering v. United States, No. 06-282 (bid protest), on June 14, 2006.

Moreover, since plaintiff's counsel's return to the office, Government counsel has been or will be engaged in the following matters pending before the United States Court of Appeals for the Federal Circuit: preparation of the Government's opposition to appellant's motion for judicial notice in Lear Siegler Servs. v. Rumsfeld, No. 06-1080, filed on April 14, 2006; preparation for oral argument in Acadia Tech., Inc. and Global Win Tech, Ltd. v. United States, No. 04-1560, on May 2, 2006; preparation for oral argument in Kelly v. Nicholson, No. 05-7116, on May 4, 2006; preparation of the Government's response brief in Carter v. Office of Pers. Mgmt, No. 06-3111, for which an enlargement has been requested until June 2, 2006; preparation for oral argument in Frazier v. United States, No. 05-5175, on June 5, 2006; preparation for oral argument in Estevez v. Merit Sys. Prot. Bd., No. 05-3346, on June 7, 2006; preparation for oral argument in Metropolitan Area Transit v. Nicholson, No. 05-1541, on June 8, 2006;[3] preparation for oral argument in Lear Siegler Servs., Inc. v. Rumsfeld, No. 06-1080, on June 9, 2006; preparation of

[3] Government counsel is currently seeking to transfer this argument to another attorney within the Department of Justice.

the Government's response brief in Davis v. Nicholson, No. 06-7053, for which an enlargement has been requested until June 19, 2006.

Moreover, Government counsel has a personal commitment to travel to San Francisco for her sister's wedding from May 6, 2006 through May 14, 2006.

For the reasons stated above, the plaintiff's proposed modifications to the Court's amended scheduling order would be prejudicial to the Government and would not provide the Government with sufficient time to conduct necessary discovery that is critical to the Government's positions in this matter. Accordingly, plaintiff's motion to modify the amended scheduling order should be denied.

In light of the anticipated difficulty of coordinating the schedules of all the persons both parties still seek to depose, including third-party deponents, and the attorneys, including third-party attorneys, during the busy summer season, and to provide plaintiff with sufficient time to determine whether to retain an expert witness on certain issues (a decision plaintiff's counsel has represented cannot be made until after several more depositions are taken), the Government proposes that the Court modify the amended scheduling order as follows:

1. all discovery shall conclude on or before October 4, 2006;

2. disclosure of expert reports and related material pursuant to Rule 26(a)(2) of the Rules of the Court of Federal Claims shall take place on or before May 31, 2006;

3. disclosure of any evidence or supplements to expert reports intended solely to contradict or rebut evidence on the same subject matter as identified by the opposing party under RCFC 26(a)(2)(B) will take place on or before August 31, 2006;

4. the parties shall exchange preliminary exhibit lists and witness lists as described in

Appendix A ¶ 13(a) and ¶ 13(b) on or before November 6, 2006;

5. the parties shall exchange final exhibit and witness lists and pre-marked copies of the exhibits they intend to introduce at trial on or before November 20, 2006;

6. plaintiff will file a memorandum of contentions of fact and law in accordance with ¶ 14(a) of Appendix A on or before December 11, 2006;

7. defendant will file a responsive memorandum of contentions of fact and law in accordance with ¶ 14(b) of Appendix A on or before January 12, 2007;

8. the parties will file any joint stipulation of fact and any motions in limine on or before January 31, 2007;

9. replies to any motions in limine and bench copies to the Court of all pre-marked exhibits shall be due on or before February 14, 2007;

10. the pretrial conference shall be held on a day and time that is convenient for the Court and the parties;

11. and the trial shall be held during a two-week period that is convenient for the Court and the parties.[4]

For the foregoing reasons, the Government respectfully requests that the Court deny plaintiff's motion to modify the amended scheduling order and grant defendant's cross-motion to modify the amended scheduling order.

---

[4] The Court's amended scheduling order provides that trial will be held in one week. However, in light of the number of potential fact and expert witnesses that have been identified through discovery, the Government anticipates that trial will last longer than one week and perhaps up to two weeks.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:

SARAH BIRKELAND
Office of General Counsel
U.S. Department of Agriculture
33 New Montgomery, 17th Floor
San Francisco, CA 94105-4511

s/Marla T. Conneely
MARLA T. CONNEELY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 307-1011
Fax. (202) 307-0972

April 28, 2006

Attorneys for Defendant