# In the United States Court of Federal Claims

No. 04-1679C
Filed August 28, 2006

************************************
*
RALPH FRANKLIN & SON LOGGING, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
************************************

**PROTECTIVE ORDER**

The parties to this lawsuit hereby agree that any and all documents produced and identified as proprietary by Wheelabrator Technologies, Inc. ("Wheelabrator") in this case, including those produced pursuant to the subpoena issued on or around August 9, 2006, by Marla T. Conneely, Attorney for Defendant, contain confidential and proprietary information relating to Wheelabrator's business, and therefore, shall be kept confidential, used only for purposes of prosecuting or defending this action, and disclosed only to certain designated persons, as more particularly set forth herein.

Accordingly, the court orders as follows with respect to the use of the above identified documents:

1. The documents shall be kept strictly confidential, shall be used only for purposes of prosecuting or defending this action, shall not be provided or otherwise communicated by any party or by counsel for any party, to any other person during the pendency of this matter or thereafter or used by said persons in any other claims or for any reason, and shall only be disclosed to the following persons upon their agreement to abide by the terms of this Agreed Confidentiality Order:

   a. counsel of record and regular employees thereof for the named parties in this action;

   b. regular employees of the Department of Justice and Department of Agriculture (i.e., secretaries, paralegals, clerks, etc.) who are assigned to assist in this action;

c. any expert witness (whether a consulting expert or a testifying expert) retained by or on behalf of any named party in the action to assist that party in the prosecution or defense of this action; and

2. If it becomes necessary for counsel of record to disclose any or all of the documents produced by Wheelabrator through filing with the Court or if it becomes necessary for counsel of record to attach any or all of the documents produced by Wheelabrator to a deposition, counsel of record agree to file or attach the documents under seal so the documents cannot be viewed by the public or any other person not subject to this agreement.

3. Any party or person who violates this Order shall be subject to the contempt powers of this Court, in addition to any civil remedies available to any party or person harmed by the violation. Counsel of record shall make this known to the party(ies) they represent, and to any person(s) permitted by the terms of this order to have access to the above identified documents (for example, an expert witness or employee of counsel of record) and shall inform that person that he or she, by reviewing the documents, is subject to the terms of this agreement and cannot disclose the documents or the information contained therein to anyone outside of this litigation.

4. Within sixty (60) days after termination of this action (including any appeals) or the expiration of the time for perfecting an appeal of a final judgment or order in this action, whichever occurs last, the above identified documents and all copies thereof in the custody of counsel for a party and those to whom such counsel have disclosed the documents, shall be returned to Wheelabrator's counsel or destroyed. Counsel of record shall not retain copies of the documents.

5. Nothing herein shall be construed to affect the admissibility of any relevant document, testimony or other evidence at trial.

6. The Court, however, reserves the right, after reviewing the record and other information submitted by the parties, to modify the order in the event such information is not business confidential, privileged, proprietary, or would adversely affect national defense and/or national security upon public disclosure.

**IT IS SO ORDERED.**

**s/ Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**